UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN ROBLES,<br>　　　　Petitioner,<br>　　　　　v.<br>J. TIM OCHOA, Warden,<br>　　　　Respondents. | NO. EDCV 11-1143-JHN (AGR)<br><br>ORDER TO SHOW CAUSE |

On July 20, 2011, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that Petitioner's due process rights were not violated.

The Court, therefore, orders Petitioner to show cause, on or before **August 29, 2011**, why this Court should not recommend dismissal of the petition with prejudice.

///
///
///
///
///

# I.
# SUMMARY OF PROCEEDINGS

On March 13, 1998, Petitioner was sentenced to 15 years to life for second degree murder. (Petition at 2.)

On December 21, 2009, the Board of Parole Hearings ("Board") conducted a hearing and found Petitioner unsuitable for parole. (Petition, Ex. A ("Board Hearing").) On October 22, 2010, the Superior Court denied Petitioner's habeas petition. (Petition, Attachment A.) On December 14, 2010, the California Court of Appeal denied Petitioner's habeas petition. (*Id.*) On June 22, 2011, the California Supreme Court denied Petitioner's habeas petition. (*Id.*)

The instant federal petition alleges that the Board's decision violated Petitioner's due process rights. (*Id.* at 5, 11.)

# II.
# STANDARD OF REVIEW

A federal court may not grant a petition for writ of habeas corpus by a person in state custody with respect to any claim that was adjudicated on the merits in state court unless it (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Woodford v. Visciotti*, 537 U.S. 19, 21, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) (per curiam).

"'[C]learly established Federal law' . . . is the governing legal principle or principles set forth by the Supreme Court at the time the state court rendered its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). A state court's decision is "contrary to" clearly established Federal law if (1) it applies a rule that contradicts governing Supreme Court law;

or (2) it "confronts a set of facts . . . materially indistinguishable" from a decision of the Supreme Court but reaches a different result. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002). A state court's decision cannot be contrary to clearly established Federal law if there is a "lack of holdings from" the Supreme Court on a particular issue. *Carey v. Musladin*, 549 U.S. 70, 77, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006).

Under the "unreasonable application prong" of section 2254(d)(1), a federal court may grant habeas relief "based on the application of a governing legal principle to a set of facts different from those of the case in which the principle was announced." *Lockyer*, 538 U.S. at 76; *see also Woodford*, 537 U.S. at 24-26 (state court decision "involves an unreasonable application" of clearly established federal law if it identifies the correct governing Supreme Court law but unreasonably applies the law to the facts).

A state court's decision "involves an unreasonable application of [Supreme Court] precedent if the state court either unreasonably extends a legal principle . . . to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

"In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). "The state court's application must have been 'objectively unreasonable.'" *Id.* at 520-21 (citation omitted); *see also Clark v. Murphy*, 331 F.3d 1062, 1068 (9th Cir. 2003).

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the

evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

In applying these standards, this Court looks to the last reasoned State court decision. *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006). To the extent no such reasoned opinion exists, as when a state court rejected a claim in an unreasoned order, this Court must conduct an independent review to determine whether the decisions were contrary to, or involved an unreasonable application of, "clearly established" Supreme Court precedent. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). If the state court declined to decide a federal constitutional claim on the merits, this Court must consider that claim under a *de novo* standard of review rather than the more deferential "independent review" of unexplained decisions on the merits authorized by *Delgado*. *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004) (standard of *de novo* review applicable to claim state court did not reach on the merits).

## III.
## **DISCUSSION**

The Ninth Circuit's holding that California law creates a liberty interest in parole "is a reasonable application of our cases." *Swarthout v. Cooke*, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011). "When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the applications of those constitutionally required procedures." *Id.* at 862. "In the context of parole, . . . a prisoner . . . receive[s] adequate process when he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." *Id.*; *see also Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011).

In Petitioner's case, he received "at least [the required] amount of process." *See Cooke*, 131 S. Ct. at 862. He was represented at the hearing. (Board Hearing at 3.) Petitioner's counsel stated he had discussed Petitioner's rights

regarding the hearing with him and that they had been met. (*Id.* at 7.) Petitioner stated he had no question about his rights. (*Id.* at 8.) Petitioner spoke at the hearing. (*Id.* at 19-92.) The Board recited its reasons for denying parole. (*Id.* at 113-24.)

Petitioner's arguments based on the "some evidence" standard (*see, e.g.,* Petition at 19) were foreclosed by *Cooke*. 131 S. Ct. at 863 ("[I]t is no federal concern here whether California's 'some evidence' rule of judicial review . . . was correctly applied."). Federal habeas review is not available for errors of state law. *Id.* ("[W]e have long recognized that a mere error of state law is not a denial of due process.") (citations and quotation marks omitted).

**IV.**

**ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before **August 29, 2011**, Petitioner shall show cause, if there be any, why the Court should not recommend dismissal with prejudice of the petition.

**Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Court will recommend that the petition be dismissed with prejudice because his due process rights were not violated.**

DATED: July 28, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge